UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE HODGES

    Petitioner,

v.                                                       Criminal No. 04-80259
                                                       Civil No.  08-12562
                                                       HON. AVERN COHN

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. §2255**

I.  Introduction

This is a habeas case under 22 U.S.C. § 2255.  Petitioner Tommie Lee Hodges (Petitioner) plead guilty under a Rule 11 agreement to conspiracy to possess with intent to distribute, and to distribute marijuana, in violation of 21 U.S.C. § 846 and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(1); 1956(a)(1)(B)(I); 1956(a)(1)(B)(ii); 1956(h).  Petitioner was sentenced to 150 months of imprisonment.

Before the Court is Petitioner's pro se motion to vacate his sentence under § 2255, claiming that his constitutional rights have been violated.  He specifically claims that (1) he was not in federal custody at the time of his conviction and sentencing and

therefore the Court did not have jurisdiction over him, and (2) the laws under which he pled guilty are unconstitutional. For the reasons that follow, the motion is DENIED.

## II. Factual Background and Procedural History

### A.

The events leading to Petitioner's conviction follow:

On October 15, 2002, officers of the Pima County (Arizona) Sheriff's Office seized $384,954.00 cash from associates of Petitioner. During the course of the investigation, DEA and IRS agents learned that this money had been sent from Detroit, Michigan, to Arizona by Petitioner as payment for a load of marijuana.

On August 18, 2003, DEA agents learned a residence at 11066 Findlay, Detroit, Michigan, utilized by Petitioner, was distributing a large shipment of marijuana, and subsequently obtained a search warrant. On August 19, 2003, the search warrant was executed. Search of the residence revealed two handguns; $26,120.00 in cash sitting on the living room table and floor; $7,620.00 in cash in the possession of Leonard Shoulders who was occupying the residence at the time; and a notebook with drug ledger information on an end table indicating the sales of multi-pound quantities of marijuana and amounts owed from marijuana sales. Search of the residence's basement revealed packaging material, an electronic scale, a Nexus triple beam scale, ziplock bags containing marijuana, and three baggies containing marijuana. During the course of the investigation, agents learned that multiple hundred pound shipments of marijuana were distributed from the residence. Petitioner would arrange for these large

shipments to be brought to Detroit from Arizona, using large trucks. The marijuana would be transported to unknown warehouse locations, and then transported by box van to the distribution locations, such as the 11066 Findlay residence.

On September 19, 2003, DEA agents, officers of the Detroit Police Department (DPD), and troopers of the Michigan State police Homicide Task Force executed a federal search warrant at 22636 Lakecrest, Saint Clair Shores, Michigan, a residence owned by Petitioner. Search of the residence revealed over $290,000.00 in cash and several handguns.

On January 23, 2004, DEA agents learned Petitioner had a shipment of marijuana in, and that it was being distributed from 8828 Cyril, Detroit, Michigan. Surveillance was then set up and agents observed an individual exit the residence and place a large garbage bag in the rear seat of a vehicle and drive away. A traffic stop was conducted by DPD officer, and the large garbage bag was found to contain marijuana. Later that day, agents and officers executed a search warrant at 8828 Cyril. In the residence, they found 112.2 kilograms of marijuana and numerous packaging and selling paraphernalia; including bags, boxes, and scales.

In terms of quantities of marijuana, according to records provided by the government, in the twelve-month period of 2001, Petitioner shipped a conservatively estimated 17,218.24 kilograms of marijuana to Detroit, Michigan. Between January 2002 and October 2002, Petitioner shipped 18,144 kilograms. Between October 2002 and March 2004, Petitioner shipped 10,795.68 kilograms. Overall, Petitioner shipped 46,357.92 kilograms of marijuana shipped to Detroit.

B.

On January 13, 2005, a federal grand jury returned an eight-count Second Superseding indictment against the Petitioner. The eight-count indictment charged Petitioner with Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Over 1,000 Kilograms of Marijuana, in violation of 21 U.S.C. §§846 and 841(a)(1); Count 2, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)(I); 1956(a)(1)(B)(ii), and 1956(h); Count 3, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, Aiding and Abetting, in violation of 18 U.S.C. §§ 1957 and 2; Count 4, Felon in Possession of a Firearm, in violation of 18 U.S.C § 922(g); Count 6, Interstate Travel in Aid of Racketeering Enterprises, in violation of 18 U.S.C. §1952(a)(2); Count 7, Forfeiture, pursuant to 21 U.S.C. § 853(a); and Count 8, Money Judgment, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

On April 8, 2005, Petitioner signed a Rule 11 plea agreement in which he agreed to plead guilty to the first two counts of the indictment; count one being conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846, and count two being conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(1); 1956(a)(1)(B)(I); 1956(a)(1)(B)(ii); 1956(h). As part of the plea agreement, Petitioner waived his right to appeal his conviction or sentence, if the sentence imposed by the court did not exceed 293 months. On April 20, 2005, Petitioner plead guilty under the Rule 11 agreement. On October 3, 2007, Petitioner was sentenced to a term of 150 months for each count to run concurrently, to be followed by three years of supervised release for each count, also run concurrently. Petitioner did not file a direct appeal.

On May 22, 2008, Petitioner filed the instant motion, to which the government has responded. Petitioner has also filed a Memorial and Response to the government's response, further detailing his arguments.

III. Analysis

A. General Standards

Title 28 U.S.C. § 2255 Provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . of that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v U.S., 368 U.S. 424, 428 (1962)).

In order to file a successful claim of lack of jurisdiction, Petitioner must allege a violation of the Interstate Agreement of Detainers ("IAD"). The IAD "what has come to be called the "anti-shuffling" provision. That the provision requires that when an individual who has "enetered upon a term of imprisonment" in one jurisdiction (the sending state), is removed to another jurisdiction (the receiving state) pursuant to a detainer, he must be tried in the receiving state before being returned to the sending state; if he is not, the indictment in the receiving state "shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice" United States v Taylor, 173 F.3d 538, 540 (6th Cir. 1999).

5

B. Application

Petitioner first claims that relief is warranted because he was not in federal custody when he was temporarily taken by state officials to testify at a state trial. As such, he says that the Court lacked jurisdiction over him. As an initial matter, to the extent that Petitioner raises a federal personal jurisdictional issue, he is not entitled to relief. Petitioner waived his appellate rights by pleading guilty and receiving a shortened sentence from 293 months to 150 months. See ¶ 4 of Rule 11 agreement. Petitioner did not enter a conditional plea reserving the right to appeal the jurisdictional issue, and as such, he forfeited it. United States v Brown, 2001 WL 1178312 (6th Cir. Sept. 24, 2001) (unpublished), cert. denied, 534 U.S. 1165 (2002) (citing United States v Bahhur, 200 F. 3d 917, 923 (6th Cir. 2000)). A guilty plea waives any independent claims of constitutional deprivations which occurred prior to the entry of the plea, including federal jurisdictional issues. Id. (citing Tollett v Henderson, 411 U.S. 258, 266-67 (1973) and United States v Kirksey, 118 F.3d 1113, 1115 (6th Cir. 1997)). Because Petitioner could not have raised this issue on direct appeal, he cannot raise it in a § 2255 proceeding.

As to the merits of the claim, Petitioner was not taken out of federal jurisdiction to stand trial or serve time on state charges that would invoke the provisions of the IAD. The basic purpose of the IAD is to prevent interference with institutional care and rehabilitation, which is not normally available at a facility or jail design for temporary custody of prisoners. Taylor, supra at 541. Petitioner was always in federal custody even when he was temporarily taken by state officials to testify at a state trial. Physical custody of a defendant is not required as jurisdiction arises from the nature of the crime committed. "The district courts of the United States shall have original jurisdiction,

exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. See also Robinson v United States, 144 F.2d 392, 396 (6th Cir. 1944)("The presence of the appellant in the Kentucky District Court gave it complete jurisdiction over his person, regardless of how his presence was secured."). Furthermore, the government is not obligated to file a writ for Petitioner's transfer to testify in state court. Therefore, Petitioner's claim of lack of federal jurisdiction fails.

Petitioner also claims that relief is warranted because the federal laws he pled guilty to are not constitutional. This argument lacks merit. Petitioner knowingly and voluntarily signed his Rule 11 plea agreement, and pled guilty in front of this court, accepting that he had violated 21 U.S.C. § 846 and 18 U.S.C. § 1956. The statutes which Petitioner admitted to violating are valid constitutional federal laws. The drug statutes have been held constitutional. See United States v Scales, 464 F.2d 371, 375 (6th Cir. 1972)("[T]he provisions of Title II of the Comprehensive Drug Abuse Prevention and Control Act [enacted as the Controlled Substances Act, 21 U.S.C. §§ 801-971] presently before us clearly constitute a permissible exercise of Congress's powers under the Commerce Clause."); United States v Tucker, 90 F.3d 1135, 1140 (6th Cir. 1996)("Lopez does not give us cause to question Congress's power to regulate an activity as clearly commercial as drug trafficking.") (citing United States v Lopez, 514 U.S. 549 (1995), which found the Guns-Free School Zones Act too attenuated from substantially affecting interstate commerce to be a valid exercise of the Commerce Clause power).

Likewise, the money laundering statutes have been upheld. See United States v Hook, 195 F.3d 299, 310 (7th Cir. 1999) (stating that "Defendant's argument ignores

Article 1, Section 8 of the United States Constitution, the Commerce Clause, as a source of legislative authority. Section 1956 of the U.S. Code, Title 18, is a valid extension of congressional power."); <u>United States v Goodwin</u>, 141 F.3d 394, 398-99 (2d Cir. 1997) (stating that "[m]oney laundering is a quintessential economic activity.")

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Tommie Lee Hodges, 32564-039, USP - Terre Haute, U.S. Penitentiary, P.O. Box 33, Terre Haute, IN 47808 on this date, September 17, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160